FILED-USDC-NDTX-DA
'25 MAY 2 PM3:47
KM

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

**LAUD ESSANDOH,**
Plaintiff,

**3 - 25 C V 1 1 0 0 - B**

vs.

CASE No: TBA

**CAPITAL ONE BANK, N.A.,**
Defendant,

## COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT 1681

### INTRODUCTION

1. This is an action for damages brought by Plaintiff against Defendant, Capital One Bank, N.A., for violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq., specifically § 1681s-2(b), which governs the responsibilities of furnishers of information upon notice of a consumer dispute.

2. Defendant has willfully and/or negligently failed to conduct a reasonable investigation and correct inaccurate, conflicting, and misleading information regarding Plaintiff's Capital One Business Account, which was reported to all Consumer Reporting Agencies (CRA's) and appeared on Plaintiff's consumer reports maintained by Equifax, TransUnion, and Experian.

3. The Plaintiff disputed the **Completeness and Accuracy of the entire account** as reported by Defendant to the CRAs, but Defendant failed to conduct a reasonable investigation and continued to report inaccurate and misleading information.

4. Defendant's actions have caused financial harm, emotional distress, and reputational damage to Plaintiff, entitling Plaintiff to actual, statutory, and punitive damages, as well as any other additional fees and costs associated with litigation of this case.

### JURISDICTION AND VENUE

5. This Court has Subject Matter Jurisdiction pursuant to 28 U.S.C. § 1331 (Federal Question Jurisdiction) and 15 U.S.C. § 1681p (Jurisdiction for FCRA claims).

6. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in this District, Defendant conducts business in this District, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

### PARTIES

7. Plaintiff, Laud Essandoh, is a natural person residing at 901 Englewood Lane of Plano, Texas 75025, and is a "Consumer" as defined by 15 U.S.C. § 1681a(c).

8. Defendant, Capital One Bank, N.A., is a National Banking Association with its principal place of business in McLean, Virginia. Defendant is a "Furnisher of Information" as defined by 15 U.S.C. § 1681s-2 and regularly furnishes information to Consumer Reporting Agencies (CRAs), including Equifax, TransUnion, and Experian.

9. Defendant's registered agent for service of process is:
Corporation Service Company dba CSC - Lawyers Incorporating Service Company
211 East 7th Street, Suite 620
Austin, Texas 78701

### ARTICLE III STANDING

10. Plaintiff has standing to bring this action under Article III of the United States Constitution because he has suffered a concrete, particularized, and actual injury-in-fact that is fairly traceable to the Defendant's conduct and is likely to be redressed by a favorable decision.

11. **INJURY-IN-FACT:** Plaintiff has suffered the following injuries as a direct result of Defendant's violations of the FCRA:

   ➤ **Harm to Creditworthiness:** Defendant's inaccurate, incomplete, and misleading reporting of a business account on Plaintiff's personal consumer credit reports caused significant harm to Plaintiff's creditworthiness. The reported account included inconsistent balances, an inflated high balance of $16,401.00 (well above the $10,000.00 credit limit), and a "Charged Off" status, all of which adversely affected Plaintiff's credit score.

   ➤ **Higher Interest Rates:** Defendant's inaccurate reporting caused Plaintiff to be subjected to higher interest rates on existing and potential credit accounts, leading to financial harm.

   ➤ **Emotional Distress:** Plaintiff suffered emotional distress, anxiety, frustration, and embarrassment over the harm to his credit profile caused by Defendant's actions.

   ➤ **Time and Resources Lost:** Plaintiff expended significant time and effort disputing the inaccuracies with the CRAs and attempting to correct the incomplete and misleading information reported by Defendant.

12. **CAUSATION:**

   ➤ The Defendant is directly responsible for furnishing the inaccurate, incomplete, and misleading information about the Capital One Business Account to the CRAs.

   ➤ Defendant failed to fulfill its statutory duties under the FCRA to conduct a reasonable investigation upon notice of Plaintiff's dispute and to correct or delete the disputed information.

   ➤ Defendant's unlawful conduct caused Plaintiff's harm by ensuring that the inaccurate information remained reporting on his personal consumer reports.

13. **REDRESSABILITY:**

> ➤ The injuries suffered by Plaintiff are redressable by this Court.  A favorable decision requiring Defendant to comply with the FCRA and awarding Plaintiff damages for Defendant's violations will compensate Plaintiff for the harm caused and ensure compliance with the law to prevent future harm.

## FACTUAL ALLEGATIONS

14. On or around March 2024, Plaintiff obtained a copy of his consumer reports from Equifax, TransUnion, and Experian through www.annualcreditreport.com and discovered inaccurate, conflicting, and misleading information regarding a Capital One Business Account.

15. The account in question is a **Business Credit Card**, but it was reported on Plaintiff's **personal consumer reports**, which was unauthorized, improper, and inaccurate.

16. The reported information for the Capital One Business Account varied across the three CRAs, demonstrating inconsistencies and inaccuracies in the data furnished by the Defendant.

### A. Before Dispute Reporting
### 1. Equifax Consumer Report:
- Account Number: Ending in *8094.
- Balance: $11,965.00 (exceeding the account's credit limit of $10,000.00).
- Past Due Balance: $11,965.00.
- Credit Limit: $10,000.00.
- Payment History:
  - November 2023: Reported as "On Time."
  - March 2024 through July 2024: Reported as progressively late (60, 90, 120, No Data, 150 days late).
  - August 2024 through December 2024: Reported as "Charged Off."
- Status: "Charged Off."

### 2. TransUnion Consumer Report:
- Account Number: Ending in *8094.
- High Balance: $16,401.00 (exceeding the account's credit limit of $10,000.00).
- Balance: $11,965.00.
- Credit Limit: $10,000.00.
- Payment Status: "Charged Off" as of January 2024.
- Payment History:
  - January 2023 to October 2023: Reported as "On Time."
  - November 2023: Reported as 30 days late.
  - December 2023: Reported as "On Time."
  - January 2024 to February 2024: Reported as "On Time."
  - March 2024 through July 2024: Reported as progressively late (30, 60, 90, 120, 150 days late).
  - August 2024 to December 2024: Reported as "Charged Off."
- **TransUnion reported that the account would remain on record until February 2031.**

### 3. Experian Consumer Report:
- Account Number: **415417XXXXXXXXXX.**
- High Balance: $16,401.00.
- Balance: $11,965.00.
- Past Due Balance: $11,965.00.

- Credit Limit: $10,000.00.
- Payment History:
    - November 2023: Reported as "No Data."
    - December 2023: Reported as 30 days late.
    - January 2024 to February 2024: Reported as "On Time."
    - March 2024 through July 2024: Reported as progressively late (30, 60, 90, 120, 150 days late).
    - August 2024: Reported as "Charged Off."
    - September 2024: Reported as "No Data."
    - October 2024 through December 2024: Reported as "Charged Off."
- Status: "Charged Off."
- **Experian reported that the account would remain on record until November 2030.**

## B. Plaintiff's Dispute

13. On or around March 2024, Plaintiff disputed the **Completeness and Accuracy** of the Capital One Business Account as reported to Equifax, TransUnion, and Experian.  Plaintiff's dispute alleged that:
- The account was inaccurately reported as a personal credit account, despite being a Business Account;
- The balance and high balance exceeded the account's credit limit of $10,000.00;
- The payment history was inconsistent and incorrect across the three CRAs; and
- The "Charged Off" status was improperly applied to Plaintiff's consumer credit reports.

14. Upon receipt of Plaintiff's dispute, the CRAs notified Defendant, Capital One Bank, N.A., of the dispute, triggering Defendant's statutory obligations under 15 U.S.C. § 1681s-2(b).

15. Defendant failed to fulfill its statutory duties to conduct a reasonable investigation and correct or delete the inaccurate, incomplete, and misleading information.

## C. Reinvestigation Results
### 1. Equifax Reinvestigation Results:
- Balance: $11,965.00.
- Past Due Balance: $11,965.00.
- Credit Limit: $10,000.00.
- Payment History:
    - November 2023: Reported as 30 days late (changed from "On Time").
    - March 2024: Reported as 30 days late.
    - April 2024: Reported as 60 days late.
    - May 2024: Reported as 90 days late.
    - June 2024: Reported as 120 days late.
    - July 2024: Reported as 150 days late.
    - August 2024 onward: Reported as "Charged Off."
- Status: "Charged Off."

### 2. TransUnion Reinvestigation Results:
- Balance: $11,965.00.
- High Balance: $16,401.00.
- Credit Limit: $10,000.00.
- Payment History:
    - January 2023 to October 2023: Reported as "On Time."
    - November 2023: Reported as 30 days late.
    - December 2023: Reported as "On Time."

- o January 2024 to February 2024: Reported as "On Time."
- o March 2024: Reported as 30 days late.
- o April 2024: Reported as 60 days late.
- o May 2024: Reported as 90 days late.
- o June 2024: Reported as 120 days late.
- o July 2024: Reported as 150 days late.
- o August 2024 onward: Reported as "Charged Off."
- **TransUnion continued to report that the account would remain on record until February 2031.**

### 3. Experian Reinvestigation Results:
- Balance: $11,965.00.
- Past Due Balance: $11,965.00.
- High Balance: $16,401.00.
- Credit Limit: $10,000.00.
- Payment History:
  - o November 2023: Reported as "No Data."
  - o December 2023: Reported as 30 days late.
  - o January 2024 to February 2024: Reported as "On Time."
  - o March 2024: Reported as 30 days late.
  - o April 2024: Reported as 60 days late.
  - o May 2024: Reported as 90 days late.
  - o June 2024: Reported as 120 days late.
  - o July 2024: Reported as 150 days late.
  - o August 2024 onward: Reported as "Charged Off."
- **Experian continued to report that the account would remain on record until November 2030.**

### Summary of Inaccuracies

16. The inconsistencies and inaccuracies in the reporting of the Capital One Business Account are as follows:
    - ➤ The account was improperly reported on Plaintiff's personal consumer credit reports, despite being a business account.
    - ➤ The balance and high balance exceeded the account's credit limit of $10,000.00.
    - ➤ The payment history was inconsistent and contradictory across the three CRAs.
    - ➤ Equifax introduced a new 30-day late payment in its reinvestigation results that was not present in the previous consumer report.
    - ➤ The "Charged Off" status was improperly applied and inconsistently reported.
    - ➤ The account was reported to remain on record until different dates across the CRAs (February 2031 for TransUnion and November 2030 for Experian).

17. Defendant's failure to conduct a reasonable investigation and correct or delete the inaccurate information has caused Plaintiff significant financial harm, emotional distress, and reputational damage.

### CAUSES OF ACTION
### Count I: Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b)

1. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

2. Defendant violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681s-2(b), by failing to fulfill its statutory duties as a Furnisher of Information after receiving notice of Plaintiff's dispute from Equifax, TransUnion, and Experian (collectively, the "CRAs").

3. Under § 1681s-2(b), upon receiving notice of a consumer dispute from a CRA, Defendant is required to:
   a. Conduct a reasonable investigation of the disputed information;
   b. Review all relevant information provided by the CRA;
   c. Report the results of the investigation to the CRA;
   d. If the investigation finds the disputed information to be inaccurate, incomplete, or unverifiable, correct or delete the information and notify all CRAs to which the information was furnished; and
   e. Cease reporting the information if it cannot be verified.

4. Defendant failed to conduct a reasonable investigation into Plaintiff's dispute regarding the Capital One Business Account, as evidenced by the following:

   a. Defendant continued to report inconsistent, inaccurate, and incomplete information, including but not limited to:
   I. A high balance of $16,401.00, which exceeded the account's credit limit of $10,000.00;
   II. Conflicting and inconsistent payment history data across the three CRAs both before and after Plaintiff's dispute;
   III. Introduction of new inaccuracies, such as a 30-day late payment added by Equifax in its reinvestigation results, where no such late payment existed in the original reporting;
   IV. Reporting a "Charged Off" status that was improperly applied to Plaintiff's personal credit report, despite the account being a business account;
   V. Reporting the business account on Plaintiff's personal consumer credit report without authorization or justification; and
   VI. Failing to correct or delete inaccurate reporting of the account's duration on record, including conflicting dates provided by TransUnion (February 2031) and Experian (November 2030).

   b. Defendant failed to correct or delete the inaccurate information after being notified by the CRAs of Plaintiff's dispute.

   c. Defendant continued to furnish inaccurate, incomplete, and misleading information about the account to the CRAs following Plaintiff's dispute.

5. Defendant's failure to conduct a reasonable investigation and correct or delete the disputed information violated its statutory duties under 15 U.S.C. § 1681s-2(b).

6. Defendant's violations were willful, as Defendant acted in reckless disregard of its statutory obligations under the FCRA. The Defendant knew or should have known that it was furnishing inaccurate, incomplete, and misleading information to the CRAs, yet it failed to take corrective action.

7. Alternatively, Defendant's violations were negligent, as Defendant failed to exercise reasonable care in investigating Plaintiff's dispute and ensuring the accuracy of the information it furnished to the CRAs.

8. Defendant's unlawful conduct caused Plaintiff significant harm, as outlined below:
   a. Harm to creditworthiness and credit score as a result of inaccurate and inconsistent reporting of the Capital One Business Account;
   b. Denial of credit opportunities, including loans and credit cards, due to the inaccurate reporting;
   c. Higher interest rates on current and potential credit accounts, resulting in financial harm;

    d. Emotional distress, anxiety, frustration, and embarrassment caused by the harm to Plaintiff's credit profile and Defendant's failure to correct its reporting; and
    e. Time and resources expended disputing the inaccuracies and attempting to correct Defendant's unlawful reporting.

9. As a direct and proximate result of Defendant's violations of § 1681s-2(b), Plaintiff has suffered actual damages, including financial harm, emotional distress, and reputational damage.

10. Plaintiff is entitled to recover:
    a. Actual damages to compensate for the harm caused by Defendant's violations;
    b. Statutory damages of up to $1,000 for each willful violation of the FCRA, pursuant to 15 U.S.C. § 1681n(a)(1)(A);
    c. Punitive damages to deter Defendant and other furnishers of information from engaging in willful violations of the FCRA, pursuant to 15 U.S.C. § 1681n(a)(2); and
    d. Reasonable attorney's fees and costs of litigation under 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and award the following relief:

1. **Actual Damages:**
Award Plaintiff actual damages to compensate for:

> ➢ Financial harm, including premature denial of credit opportunities, and harm to Plaintiff's credit reputation;
> ➢ Emotional distress, anxiety, frustration, embarrassment, and reputational damage caused by Defendant's violations of the FCRA; and
> ➢ Time and resources expended disputing the inaccuracies and attempting to correct Defendant's unlawful reporting.
> This relief is sought pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a)(1).

2. **Statutory Damages:**
Award Plaintiff statutory damages of up to $1,000 for each willful violation of the FCRA, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

3. **Punitive Damages:**
Award Plaintiff punitive damages to deter Defendant and other furnishers of information from engaging in willful violations of the FCRA, including but not limited to:

> ➢ Furnishing inaccurate, incomplete, and misleading information to the CRA's;
> ➢ Failing to reasonably investigate Plaintiff's dispute;
> ➢ Continuing to report inaccurate information after learning of Plaintiff's dispute; and
> ➢ Introducing new inaccuracies during the reinvestigation process.
> This relief is sought pursuant to 15 U.S.C. § 1681n(a)(2).

4. **Injunctive Relief:**
Issue injunctive relief requiring Defendant to:

a. Conduct a reasonable and thorough investigation into the completeness and accuracy of the Capital One Business Account as reported to the CRA's;

b. Correct or delete all inaccurate, incomplete, and misleading information regarding the account from all CRAs, including but not limited to:

I. The high balance exceeding the account's credit limit;
II. The conflicting payment history data, including late payments and "Charged Off" status; and
III. The improper reporting of the account's duration on record (e.g., TransUnion reporting the account until February 2031 and Experian reporting it until November 2030);

c. Cease reporting the disputed Business Account on Plaintiff's personal consumer credit reports; and

d. Provide written confirmation to Plaintiff and the CRAs that all inaccuracies have been corrected or deleted.

5. **Fees and Costs**:
Award Plaintiff reasonable fees and costs of litigation pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2).

6. **Other Relief**:
Grant such other and further relief as the Court deems just and proper, including but not limited to:

a. Monitoring Defendant's future compliance with its statutory obligations under 15 U.S.C. § 1681s-2(b);

b. Requiring the Defendant to implement internal policies and procedures to prevent future FCRA violations; and

c. Any additional relief necessary to remedy the harm caused by Defendant's violations.

**DEMAND TRIAL BY JURY**

The Plaintiff demands a Trial by Jury on all issues so triable.

901 Englewood lane
Plano, TX 75025

Respectfully,

Laud Essandoh
Plaintiff-Pro Se