IN THE UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| LAUD ESSANDOH, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-1100-B-BN |
| | § | |
| CAPITAL ONE BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

## **ORDER**

The Court has referred this *pro se* action to United States Magistrate Judge David L. Horan for screening under 28 U.S.C. § 636(b) and a standing order of reference.

On May 13, 2025, Judge Horan ordered, under 28 U.S.C. §§ 1391, 1404, and 1406, that this case be transferred to the Sherman Division of the Eastern District of Texas on June 3, 2025 to allow any party to file objections. *See* Dkt. No. 5.

Plaintiff filed objections on May 23, 2025. *See* Dkt. No. 6.

As Judge Horan's order involves a nondispositive matter, Plaintiff's objections are governed by Federal Rule of Civil Procedure 72(a), which provides, in pertinent part, that "[t]he district judge ... must ... modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law." *Id.*

"When a party appeals a magistrate judge's order, [it] must demonstrate how the order is reversible under the applicable standard of review—*de novo* for error of law, clear error for fact findings, or abuse of discretion for discretionary matters." *Jefferson-Pilot Life Ins. Co. v. Bellows*, No. 3:02-cv-1992-D, 2003 WL 21501904, at *1 (N.D. Tex. June 24, 2003); *see also Stanissis v. Dyncorp Int'l, LLC*, Nos. 3:14-cv-2736-D & 3:15-cv-2026-D, 2015 WL 5603722, at *1 (N.D. Tex. Sept. 23,

2015) (setting out the applicable standards of review under Rule 72(a)).

Applying these standards to the transfer order, the Court finds that no part of the order is clearly erroneous or contrary to law.

While Plaintiff asserts that Judge Horan misconstrued this lawsuit as one under the Fair Debt Collections Practices Act, not the Fair Credit Reporting Act, even if that's the case, that mistake does not undermine the analysis of the transfer order, in which Judge Horan concluded that, where Plaintiff—who alleges residence in Plano, Texas, in Collin County—filed this lawsuit in the Dallas Division of the Northern District of Texas under the mistaken impression that is where Plaintiff resides, this case should be transferred to the Sherman Division of the Eastern District of Texas, where Plaintiff actually resides.

Plaintiff's objections are therefore **OVERRULED**, Judge Horan's May 13 order is **AFFIRMED**, and the Court **ORDERS** that this case be **TRANSFERRED** to the Sherman Division of the Eastern District of Texas without delay.

SO ORDERED.

DATE: July 10, 2025

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE