# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| **LAUD ESSANDOH** | § | |
| | § | |
| v. | § | NO. 4:25-CV-00746-ALM-BD |
| | § | |
| **CAPITAL ONE BANK NA** | § | |

## ORDER

Plaintiff Laud Essandoh moved to compel defendant Capital One Bank NA to provide answers to interrogatories, requests for admission, and requests for production. Dkt. 23. The motion states that the parties were unable to confer. *Id.* at 2, 4. The motion will be **STRUCK** for non-compliance with the court's rules, and the additional requirements stated in this order will apply to the parties' discovery dispute, to the extent it remains live.

## FACE-TO-FACE MEETING

The court's order governing proceedings and scheduling order, Dkts. 18, 22, require parties to satisfy Local Rule CV-7(h)'s meet-and-confer requirement and "contact chambers to schedule a teleconference" before filing a motion to compel discovery. "The court will resolve the dispute, order the parties to file an appropriate motion, or direct the parties to call the discovery hotline." Dkt. 22 at 4.

With respect to any discovery-related dispute, Local Rule CV-7(h) requires "a personal conference, by telephone or in person, between the lead attorney and any local counsel for the movant and the lead attorney and any local counsel for the nonmovant." That rule further provides:

> In the personal conference, the participants must give each other the opportunity to express his or her views concerning the disputes. The participants must also compare views and have a discussion in an attempt to resolve their differing views before coming to court. Such discussion requires a sincere effort in which the participants present the merits of their respective positions and meaningfully assess the relative strengths of each position.

> In discovery-related matters, the discussion shall consider, among other things: (1) whether and to what extent the requested material would be admissible in a trial or is reasonably calculated to lead to the discovery of admissible evidence; (2) the burden and costs imposed on the responding party; (3) the possibility of cost-shifting or sharing; and (4) the expectations of the court in ensuring that parties fully cooperate in discovery of relevant information.
>
> Except as otherwise provided by this rule, a request for court intervention is not appropriate until the participants have met and conferred, in good faith, and concluded, in good faith, that the discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve. Good faith requires honesty in one's purpose to discuss meaningfully the dispute, freedom from intention to defraud or abuse the discovery process and faithfulness to one's obligation to secure information without court intervention.

*Id.*

Genuine, good-faith efforts by the parties to resolve their disputes before seeking court intervention often result in greater control over the outcome, acceptable compromise, or appreciably narrowed issues; those efforts also result in cost savings for the litigants. Opposing parties may have reasonable disagreements throughout litigation that will require the court's resolution. They must, however, comply with Local Rule CV-7(h) in an earnest attempt to ensure that the issues presented are unbridgeable and supported by reasonable yet differing positions. The parties are therefore directed to meet face-to-face. That requirement may not be satisfied by a phone call or an email exchange.

## REQUIREMENTS BEFORE AND AT THE MEETING

No later than 72 hours before their face-to-face meeting, counsel must exchange lists of issues for discussion and lists of authorities supporting their positions on each disputed issue, discovery request, or objection. At the face-to-face meeting, counsel for the parties must engage in an item-by-item discussion of each disputed issue or discovery request and the corresponding objections.

## POST-MEETING INSTRUCTIONS

If the parties are unable to resolve the disputed issues during their face-to-face meeting, they must file a joint submission that follows the requirements described below within 14 days of the entry of this order. The joint submission must include an item-by-item list of each specific issue,

discovery request, deposition topic, or objection that remains in dispute after the face-to-face meeting. Disputes that have been resolved during the face-to-face meeting may not be included in the joint submission. The joint submission must also set out the parties' respective positions regarding each listed dispute immediately following that listed dispute. Each party's position statement for each dispute must cite authorities that support its position.

The joint submission must also set forth the date of the face-to-face meeting, the length of the meeting, the names of all attendees, and a list of agreed-upon dates for a hearing on the dispute for use in the event that the court determines that a hearing is appropriate or necessary. The joint submission must be signed by counsel for all parties to the dispute.

To the extent that evidentiary support for a position is required, the parties must also file a joint appendix to the joint submission. The appendix must include only the evidence relevant to, and necessary to the court's resolution of, the discovery disputes presented in the joint submission. Materials to be included in the joint appendix must have been exchanged no later than the face-to-face meeting. The joint appendix must be filed contemporaneously with the joint submission. The appendix to the joint submission must not incorporate by reference any part of any other filing.

The court will consider only those disputes that are listed in the joint submission and only the evidence included in the joint appendix.

## SANCTIONS

Failure to confer face-to-face or to participate in the filing of a joint submission as directed may subject the non-complying party and that party's attorney to sanctions. If a responding party fails to comply with this order, the party seeking court intervention must timely file its part of the joint submission and include a notice advising the court of the responding party's failure to comply. If the party seeking court intervention fails to comply with this order, or if the joint submission is not timely filed, the court will not consider the joint submission or any related motions.

So **ORDERED** and **SIGNED** this 23rd day of February, 2026.

_____
Bill Davis
United States Magistrate Judge