**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **LAUD ESSANDOH** | § | |
| | § | |
| **v.** | § | **NO. 4:25-CV-00746-ALM-BD** |
| | § | |
| **CAPITAL ONE BANK NA** | § | |

**ORDER ON DISCLOSURE AND CERTIFICATION REQUIREMENTS FOR USE OF
GENERATIVE ARTIFICIAL INTELLIGENCE**

Today, the court held a discovery hearing based on the parties' joint report, Dkt. 25, following the court's face-to-face order, Dkt. 24. Minute Entry for Apr. 16, 2026. At the hearing, the court questioned plaintiff Laud Essandoh regarding inaccuracies in his part of the joint report. *Id.* Essandoh admitted that the inaccuracies resulted from reliance on generative artificial intelligence ("AI"). *Id.* The court admonished him about the risks of that misplaced reliance and the sanctions that can result from it. *Id.* This order supplements what the court said at today's hearing.

Although AI can be a helpful tool, it can—and often does—generate flawed, or even fake, content. And when a nonexistent or inaccurate citation appears in a court filing,

> [t]he opposing party wastes time and money in exposing the deception. The Court's time is taken from other important endeavors. The client may be deprived of arguments based on authentic judicial precedents. There is potential harm to the reputation of judges and courts whose names are falsely invoked as authors of the bogus opinions and to the reputation of a party attributed with fictional conduct. It promotes cynicism about the legal profession and the American judicial system. And a future litigant may be tempted to defy a judicial ruling by disingenuously claiming doubt about its authenticity.

*Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 448–49 (S.D.N.Y. 2023).

This court's rules provide warnings and guidance about the use of AI. Loc. R. AT-3(m), CV-11(g). All attorneys and pro se litigants who file documents here are bound by those rules and this order, which supplements the rules in the following three ways:

1) **Certification**

Consistent with Federal Rule of Civil Procedure 11(b), any document filed in this court that was prepared with the assistance of AI must include a "Certificate of Generative Artificial Intelligence Usage" that: (1) discloses that AI was used when preparing the filing; (2) identifies each AI tool that was used and explains how it was used; and (3) states that the filer has confirmed the accuracy of every part of the filing—including every factual, procedural, or legal assertion or citation—that was prepared with the assistance of AI.

The court will assume that any filing that does not contain this certification was prepared without any use of AI.

2) **Responsibility**

If AI is used to prepare any filing, the attorney or pro se litigant who signs it will be held responsible for the content of the filing under Federal Rule of Civil Procedure 11 and applicable rules of professional conduct and attorney discipline.

3) **Sanctions**

If the court has good cause to believe that an attorney or pro se litigant has relied on AI in violation of this order or any applicable rule, the court may impose appropriate sanctions, including striking a filing, dismissing a claim or defense, dismissing a case, and ordering monetary sanctions.

So **ORDERED** and **SIGNED** this 16th day of April, 2026.

_____
Bill Davis
United States Magistrate Judge